IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUALITY PERFORATING, INC. | : | No. 05cv1133 |
| | : | |
| Plaintiff | : | Judge Jones |
| vs. | : | |
| | : | |
| GREAT AMERICAN FINANCIAL | : | |
| RESOURCES, ET AL., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

February _l_, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion to Intervene pursuant to Fed.R.Civ.P.
24 (doc. 15) filed by Peter J. Hoegen, Esquire, Chapter 11 Trustee for Laubeck
Corporation on September 21, 2005. For the reasons that follow, the Motion will
be dismissed as moot.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

Quality Perforating, Inc. ("Plaintiff" or "QPI") initiated this action in the
Lackawanna County Court of Common Pleas and the action was removed to this
Court on June 3, 2005. According to the complaint, QPI seeks a declaration that a
$2,000,000.00 life insurance policy ("Policy") insuring the life of Fred Warner

1

("Mr. Warner") remains in full force and effect. Mr. Warner is the owner of Laubeck Corporation, the assets of which were sold to QPI pursuant to an order of the United States Bankruptcy Court for the Middle District of Pennsylvania dated January 24, 2002. The Policy, issued by Defendant Great American Life Insurance Company ("Defendant" or "Great American") was deemed by Defendants to have allegedly lapsed on May 1, 2004 when Plaintiff failed to make the required premium payment of $7,269.60 on or before the specified premium date. Defendants responded to Plaintiff's complaint by denying the allegations and by filing a counterclaim seeking a declaratory judgment that the Policy had been properly terminated.

The Chapter 11 Trustee for Laubeck Corporation filed the instant Motion on September 21, 2005 alleging that following the sale of the Laubeck Corporation assets to Plaintiff, including the Policy in question, Plaintiff agreed to maintain the premium payments on the Policy and to pay the bankruptcy estate of Laubeck twenty percent of the Policy's proceeds when it came due. The Motion has been briefed by the parties and the Court heard argument on the Motion on January 24, 2006.

**DISCUSSION:**

On January 24, 2006, at the time and place scheduled for argument on the

pending Motion, the Court proposed a resolution to the Motion in which Eugene C. Kelley, Esquire, counsel for the proposed intervenor, would enter his appearance on the docket of the case <u>sub judice</u> on behalf of Laubeck Corporation, alongside counsel for QPI. Inasmuch as Mr. Kelley entered his appearance on behalf of QPI on January 30, 2006 and counsel for Great American contacted Chambers to verify receipt of such entry of appearance, it is evidence that the parties adopted the Court's proposed resolution to the Motion. Accordingly, we find that under the circumstances, the Motion to Intervene has been rendered moot.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.    The Motion to Intervene (doc. 15) filed by Peter J. Hoegen, Esquire, Chapter 11 Trustee for Laubeck Corporation, is dismissed as moot.

John E. Jones III
United States District Judge